IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| ENRIQUE PEREZ and<br>SONYA PANDURO,<br><br>    Plaintiffs,<br><br>v.<br><br>HOME DEPOT USA, INC.<br><br>    Defendant. | )<br>)<br>)  Case No: 22-320<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

COMES NOW Home Depot USA, Inc., (hereinafter "Home Depot"), by and through the undersigned counsel, pursuant to 28 USC section §§1332, 1441(b), 1446, hereby files this Notice of the Removal of this action from the Circuit Court of Anderson County, State of Tennessee, to the United States District Court for the Eastern District of Tennessee, Knoxville Division.

As grounds for this removal, Home Depot states as follows:

1. On August 19, 2022, a Complaint was filed against the Defendant in the Circuit Court of Anderson County, Tennessee, by Plaintiffs Enrique Perez and Sonya Panduro (hereinafter "Plaintiffs"), styled *Enrique Perez and Sonya Panduro v. Home Depot USA, Inc.*, and *Docket No: C2LA0104*. The Defendant received a copy of the Plaintiff's Complaint when a copy was served on August 26, 2022, via certified mail through Corporation Service Company. Therefore thirty (30) days have not expired since service of process and this Notice of Removal is timely filed as set forth in 28 U.S.C. §1446(b).

1

2. Pursuant to 28 U.S.C. §1446(a), copies of all pleadings to date are attached as **Exhibit A**.

3. According to the Complaint, on or about May 15, 2022 Plaintiff Enrique Perez was a business invitee on Defendant's store premises at a Home Depot store located in Oak Ridge, Tennessee. (Plaintiff's Complaint, ¶ 4). Plaintiff Enrique Perez alleges that while he was checking out at the cash register when two Home Depot employees came by with Home Depot carts stacked two or three on top of each other. (Plaintiff's Complaint ¶ 4) One of the Home Depot carts fell on the Plaintiff, causing the Plaintiff to sustain injuries. (Plaintiff's Complaint, ¶ 4). Plaintiff Enrique Perez alleges that Home Depot allowed a dangerous condition to exist on the premises, failed to ensure customers were safe in the store, failed to properly train and supervise employees, failed to secure shopping carts, negligently moved carts close to customers, and negligently stacked the shopping carts. (Plaintiff's Complaint, ¶ 8). Plaintiff Enrique Perez alleges that he has incurred damages including:

    a. Medical expenses;

    b. Lost wages;

    d. Permanent impairment;

    e. Loss of enjoyment of life; and

    f. Pain and suffering.

(Plaintiff's Complaint, ¶ 7).

4. As a result of Plaintiff Enrique Perez's injury, Plaintiff Sonya Panduro alleges to have suffered loss of consortium which was caused as a result of her husband Plaintiff Enrique Perez's injuries. (Plaintiff's Complaint ¶ 6).

5. The Plaintiffs are citizens and residents of Oak Ridge, Anderson County in the State of Tennessee. (Plaintiff's Complaint, ¶ 2).

6. The Defendant, Home Depot USA, Inc., is a Delaware Corporation with its principal place of business in Atlanta, Georgia.

7. Thus, at the time Plaintiffs filed their Complaint, Plaintiffs and Defendants were "citizens of different states" for the purposes of diversity jurisdiction. 28 U.S.C. § 1332(a)(1).

8. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper if the Court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs.[1]

9. Plaintiff's Complaint asserts damages in an amount of no less than four hundred sixty-five dollars ($465,000.00). (See generally Plaintiff's Complaint).

10. Therefore, there is complete diversity between the parties and the amount in controversy is in excess of $75,000, in accordance with 28 U.S.C. §1332. Accordingly, jurisdiction is conferred under 28 U.S.C. §1332.

11. This case is an action over which the court has original jurisdiction under 28 U.S.C. §1333 and is one of which may be removed to this Court by the Defendant Home Depot, pursuant to the provisions of 28 U.S.C. §1441 and that it is a civil action brought in a State Court of which the District Court of the United States has original jurisdiction.

---

[1] The preponderance of the evidence standard was adopted in the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "Act"), Pub. L. No. 112-63, 125 Stat. 758. According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. Rep. No. 112-10, at 15 (2011). Accordingly, the "defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 16; see also *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014) (explaining the Act).

11. Home Depot will provide notice to the Plaintiffs of this removal, through delivery of a copy of this Notice of Removal to their counsel of record, and to the clerk of the Circuit Court for Anderson County, through filing into the record therein a Notice of Filing a Notice of Removal, pursuant to 28 U.S.C. §1446(b).

12. Therefore, Home Depot respectfully requests this Court take jurisdiction of this action, and that this case be removed from the Circuit Court of Anderson County, State of Tennessee to this Court.

Respectfully submitted,

**LUTHER - ANDERSON, PLLP**

BY: /s/ Daniel J. Ripper
DANIEL J. RIPPER, BPR# 15642
CHLOE E. KENNEDY, BPR# 036846
*Attorneys for Defendant*
One Union Square, Suite 700
100 W. Martin Luther King Blvd.
Chattanooga, Tennessee 37402
(423) 756-5034
(423) 265-9903 (fax)
dan@lutheranderson.com
cek@lutheranderson.com

4

CERTIFICATE OF SERVICE

    I hereby certify that on September 13, 2022 a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operating of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Clerk's electronic filing system.

                        LUTHER - ANDERSON, PLLP

                        BY: */s/ Daniel J. Ripper*